# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

United States of America,

     Plaintiff

v.

Ryan Joseph Praedel,

     Defendant

Case No.: 2:22-cr-00158-JAD-NJK

**Order Granting Motions for Early Termination of Supervised Release, for Leave to File Under Seal, and for Appointment of Counsel**

[ECF Nos. 6, 7, 9]

Defendant Ryan Joesph Praedel moves for appointment of counsel, to seal his financial affidavit, and for early termination of supervised release. The government does not oppose. With good cause appearing, I grant his motion for appointment of counsel. I also grant his motions to seal and for early termination of supervised release because he has met the qualifying criteria.

## I.    Praedel is entitled to a court-appointed attorney.

District judges have discretion to appoint counsel for any criminal defendant "financially unable to obtain adequate representation."[1]  Eligibility for court-appointed counsel is determined by assessing the person's financial affidavit under a deferential standard: "[a]ny doubts about a person's eligibility should be resolved in favor of eligibility."[2]  Praedel's financial affidavit confirms his inability to afford an attorney and his need for one to be appointed to him, so I grant his request to appoint counsel.

---

[1] L.C.R. 44-1 (citing the Plan for Administration of the Criminal Justice Act (CJA) of 1964, https://www.nvd.uscourts.gov/wp-content/uploads/2021/01/CJA-Plan-Revised-12-2020.pdf).

[2] The Plan for Administration of the CJA of 1964 at 7–8.

**II.      Praedel's financial affidavit will remain sealed.**

It is well-established that the Ninth Circuit "recognize[s] a 'general right to inspect and copy public records and documents, including judicial records and documents.'"[3]  "This right is justified by the interest of citizens in keeping a watchful eye on the workings of public agencies."[4]  But "access to judicial records is not absolute."[5]  Ordinarily, "[w]hen ruling on a motion to seal court records, the district court must balance the competing interests of the public and the party seeking to seal judicial records."[6]  Courts in the Ninth Circuit and at least two other circuit courts have recognized that such a standard doesn't apply to financial affidavits like the one Praedel filed here because they are administrative, not judicial, in nature.[7]  I find that reasoning persuasive and adopt it here.  Because Praedel's affidavit is an administrative document that contains personal financial information that the public does not need access to, I grant his request for leave to file the affidavit under seal.

---

[3] *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).

[4] *Id.* (cleaned up).

[5] *Id.*

[6] *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 685 F.3d 1115, 1119 (9th Cir. 2012) (citing *Kamakana*, 447 F.3d at 1179).

[7] *See, e.g.*, *U.S. v. Lexin*, 434 F. Supp. 2d 836, 847–49 (S.D. Cal. 2006) (finding that because "[t]he documents containing the financial information of a [d]efendant requesting appointment of counsel that are submitted to the court are not related to the process of adjudicating whether defendants are guilty or innocent of the crimes on which they are charged," such documents "are not judicial documents" and are instead "administrative documents not subject to disclosure to the public or press."); *Morrison v. Dietz*, 2010 WL 395918, at *3 (N.D. Cal. Feb. 1, 2010).  At least two other circuits have reached the same conclusion.  *Boston Herald v. Connolly*, 321 F.3d 174 (1st Cir. 2003); *United States v. Gonzalez*, 150 F.3d 1246 (10th Cir. 1998).

### III.    Praedel is entitled to early termination of his supervised release.

Praedel moves for early termination of supervised release, arguing that he has completed more than eighteen months of supervision, has benefitted from drug and alcohol counseling as well as other educational programs, has maintained employment for over a year, and has a healthy relationship with his girlfriend and her children.[8]  Neither the government nor the U.S. Probation Office opposes that request.[9]  Because I am satisfied that Praedel is entitled to an early termination of supervised release based on the § 3553(a) factors and that such relief is in the interest of justice, I grant his motion and order his term of supervision terminated.

## Conclusion

IT IS THEREFORE ORDERED that Praedel's motion for early termination of supervised release **[ECF No. 9] is GRANTED**.  His term of supervision is TERMINATED.

IT IS FURTHER ORDERED that Praedel's renewed motion for appointment of counsel **[ECF No. 6] is GRANTED** *nunc pro tunc* **to January 18, 2024**, and his motion for leave to file his affidavit under seal **[ECF No. 7] is also GRANTED**.  The Clerk of Court is directed to MAINTAIN THE SEAL on docket entry ECF No. 8.

_____
U.S. District Judge Jennifer A. Dorsey
February 22, 2024

---

[8] ECF No. 9 at 3–4.

[9] *Id.*; ECF No. 10.